IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Brian Mitchell Joint, | ) | C/A No.: 4:11-810-TLW-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Patricia Gattison; South Carolina DSS; | ) | |
| Department of Social Service Collection, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff is a pretrial detainee who is proceeding *pro se* and *in forma pauperis*. He brings this civil rights action pursuant to 42 U.S.C. § 1983 action against a private citizen Patricia Gattison, the South Carolina Department of Social Services (SCDSS), and its Collections division. Pursuant to the provisions of 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends that the district judge dismiss the Complaint in this case without prejudice and without issuance and service of process.

I.      Factual and Procedural Background

Plaintiff alleges that he took a paternity test in April 2009 to determine if he was the biological father of Gattison's minor child. Plaintiff alleges that he had been delinquent in child support when he was arrested for driving under suspension. Plaintiff claims the paternity test showed he was not the biological father of the minor. He claims he sent the test results to both SCDSS and the Department of Transportation, however,

Gattison "refuses to drop the order," which Plaintiff alleges has resulted in his being arrested twice and losing his job. He also claims that Gattison and her cousin "assaulted [him] physically and verbally" and broke his cell phone. Finally, Plaintiff claims that the Internal Revenue Service and the State of South Carolina have garnished his refunds "for numerous years . . . without reason." Plaintiff seeks compensation for lost wages,and for the mental stress of incarceration. He also asks that all South Carolina Division of Motor Vehicle fines be paid and his license reinstated. He seeks reimbursement for all garnished refunds, and for the cost of the notarized DNA test. Finally, he asks that we "reverse . . . every action taken against [him] in this case."

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit.  To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii).  A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  A claim based on a meritless legal theory may be dismissed *sua sponte* under 28 U.S.C. § 1915(e)(2)(B).  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

2

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

  B.  Analysis

In order for this court to hear or decide a case, it must first have jurisdiction over the subject matter of the litigation. It is well-established that federal courts are courts of limited jurisdiction. They possess only that power authorized by the Constitution and federal statute. *See Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). This limited jurisdiction is not to be expanded by judicial decree. *See American Fire & Casualty Co. v. Finn*, 341 U.S. 6 (1951). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) federal question jurisdiction pursuant to 28 U.S.C. § 1331; and (2)

diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332. The allegations contained in Plaintiff's complaint do not fall within the scope of this court's limited jurisdiction.

First, there is no basis for a finding of diversity jurisdiction, which requires complete diversity of parties and an amount in controversy in excess of $75,000. 28 U.S.C. § 1332. Complete diversity of parties in a case means that no party on one side may be a citizen of the same State as any party on the other side. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 372-374 (1978).

Because all parties in the above-captioned case appear to be residents of the state of South Carolina, complete diversity is absent, and diversity jurisdiction is, therefore, lacking. The plaintiff is not without a forum: he may file suit against the defendant in state court.

Second, the essential allegations of the complaint do not state a claim cognizable under this court's federal question jurisdiction. Plaintiff's complaint appears to concern whether he is responsible for child support of Gattison's minor child, and issues that have arisen in conjunction with that alleged obligation. Plaintiff's allegations do not contain any reference to a violation of any federal statute or constitutional provision, nor is any type of federal question jurisdiction evident from the face of the complaint.

Although a court must liberally construe a pro se complaint, a plaintiff must do more than make mere conclusory statements to state a claim. *Adams v. Rice*, 40 F.3d 72, 74-75 (4th Cir. 1994). While a plaintiff is not required to plead facts sufficient to prove

the case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief, and this court is not required to develop tangential claims from scant assertions in the complaint. *See Bass v. Dupont*, 324 F.3d 761, 765 (4th Cir. 2003); *Beaudett v. City of Hampton*, 775 F.2d 1274 (4th Cir. 1985). As Plaintiff fails to provide sufficient facts to establish federal jurisdiction over this case, the case is subject to summary dismissal.

Additionally, defendants SCDSS and Collections are agencies of the State of South Carolina. The Eleventh Amendment to the United States Constitution divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts.[1] *See Alden v. Maine*, 527 U.S. 706, 713 (1999) (immunity "is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today . . . except as altered by the plan of the Convention or certain constitutional Amendments."); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 76 (1996) (Eleventh Amendment prohibits Congress from making the State of Florida capable of being sued in federal court).

Although the language of the Eleventh Amendment does not explicitly prohibit a citizen of a state from suing his own state in federal court, the Supreme Court in *Hans v. Louisiana*, 134 U.S. 1 (1889), held that the purposes of the Eleventh Amendment, *i.e.*,

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."

protection of a state treasury, would not be served if a state could be sued by its citizens in federal court. Thus, the Eleventh Amendment bars such suits unless the State has waived its immunity[2] or Congress has exercised its power under § 5 of the Fourteenth Amendment to override that immunity. Congress did not include any language in the Civil Rights Act of 1871 that overrides the immunity of the states provided by the Eleventh Amendment. Consequently, a claim brought pursuant to 42 U.S.C. § 1983 does not override the Eleventh Amendment. *See Quern v. Jordan*, 440 U.S. 332, 343 (1979).

Furthermore, because SCDSS and its collection division are not "persons" under 42 U.S.C. § 1983, they are not subject to suit. *Will v. Michigan Department of State Police*, 491 U.S. 58, 109 (1989) (states are not "persons" within the meaning of § 1983).

Finally, because Plaintiff does not allege that Defendant Gattison acted under the color of state law, Plaintiff has failed to state a cause of action under 42 U.S.C. § 1983. *See Hall v. Quillen*, 631 F.2d 1154, 1155–1156 & nn. 2–3 (4th Cir. 1980).

III.   Conclusion

For the foregoing reasons, it is recommended that this case be dismissed without prejudice and without issuance and service of process.

---

[2] The State of South Carolina has not consented to suit in a federal court. *See* S. C. Code Ann. § 15-78-20(e)(1976) which expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State.

IT IS SO RECOMMENDED.

May 24, 2011                                        Shiva V. Hodges
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**